UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SCOTT STEWART, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.                                    Case No: 1:20-cv-00652

CLIENT SERVICES, INC.,

Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, SCOTT STEWART, individually and on behalf of all others similarly situated, against Defendant, CLIENT SERVICES, INC. ("CLIENT SERVICES") based on the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from him in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

Page **2** of **12**
Case 1:20-cv-00652-WCG   Filed 04/24/20   Page 2 of 12   Document 1

8. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

13. STEWART is a natural person.

14. At all times relevant to this lawsuit, STEWART was a citizen of, and resided in, the City of Antigo, Langlade County, Wisconsin.

15. At all times relevant to the factual allegations of this Complaint, CLIENT SERVICES was a for-profit corporation formed under the laws of the State of Missouri.

16. On information and belief, CLIENT SERVICES maintains its principal place of business at 3451 Harry S. Truman Boulevard, City of St. Charles, St. Charles County, Missouri. CLIENT SERVICES' registered agent for service in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

19. CLIENT SERVICES regularly engages in the collection of defaulted consumer debts.

20. CLIENT SERVICES regularly collects or attempts to collect debts alleged to be owed others.

21. CLIENT SERVICES is a business the principal purpose of which is the collection of defaulted consumer debts.

22. In attempting to collect debts, CLIENT SERVICES uses the mail, telephone, Internet, and other instruments of interstate commerce.

23. CLIENT SERVICES mailed or caused to be mailed a letter dated October 4, 2019 (the "Letter") to STEWART.

24. A true and correct copy of the Letter is attached as *Exhibit A*, except the undersigned counsel has partially redacted it.

25. The Letter alleged STEWART had incurred and defaulted on a financial obligation (the "Debt") owed to JP Morgan Chase Bank USA, N.A. ("Chase Bank").

26. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

27. The Letter was CLIENT SERVICES' first written communication to STEWART attempting to collect the Debt.

28. On information and belief, sometime prior to October 4, 2019, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the Debt to CLIENT SERVICES for collection.

29. The Letter stated: "Your Account Balance: $811.19."

30. The Letter went on to state:

> "We are offering you the ability to resolve your account balance for the amount of $284.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt or your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account."

31. The alleged Debt arose out of a credit card account that Chase Bank had charged-off prior to the date of the Letter.

32. On information and belief, "charge-off" is an accounting procedure by which a receivable – such as the amount owed to a creditor on a loan – is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. See, Victoria J. Haneman, The Ethical Exploitation of the Underrepresented Consumer, 763 Mo. L. Rev. 707, 713-14 (2008).

33. On information and belief, an account will go into default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

34. On information and belief, Chase Bank does not intend to add and, as a matter of practice, does not add interest or other charges to the balance of its charged-off credit card accounts.

35. On information and belief, Chase Bank does not prepare and send monthly periodic billing statements on charged-off credit card accounts.

36. Once the Debt was charged-off, its balance remained static and unchanging.

37. Once the Debt was charged-off, Chase Bank did not add interest or other charges to the account.

38. The Letter falsely implied to an unsophisticated consumer that interest and other charges could accrue on the charged-off Debt.

39. Such false implication arises from the totality of the Letter including, but not limited, to the statement, "Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account."

40. This statement implies that interest *could* be added if the Debt is not resolved *before* CLIENT SERVICES returns the Debt to the Creditor.

41. The Letter is materially false, deceptive, and misleading to an unsophisticated conumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' might influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

42. A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

43. CLIENT SERVICES' use of a form letter like the Letter – which falsely implies the Debt could increase – competitively disadvantages debt collectors who collect static debts without obscruing the fact those debts' balances are static.

44. The Letter does not clearly and unambiguously state the amount of the Debt.

45. CLIENT SERVICES' statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading because it is *always* obligated by Chase Bank to renew the offers stated in the Letter.

46. CLIENT SERVICES' false statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading, because it influences the unsophisticated

Page **7** of **12**
Case 1:20-cv-00652-WCG   Filed 04/24/20   Page 7 of 12   Document 1

consumer's decision to promptly pay the debt, instead of first disputing it, because a delayed payment would result in potentially losing the ability to accept the settlement offer at a later date.

47. The Letter deprived STEWART of truthful, non-misleading information in connection with CLIENT SERVICES' attempt to collect a debt.

48. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

49. Consequently, on information and belief, CLIENT SERVICES' caused the same form collection letter to be mailed to others who, like STEWART, reside in Wisconsin.

## V. CLASS ALLEGATIONS

50. CLIENT SERVICES' conduct toward STEWART is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by STEWART individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. STEWART seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

52. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin on a charged-off credit card account owned by Chase Bank during the Class Period which begins on April 24, 2019 and ends May 15, 2020.

53. The identities of the Class members are readily ascertainable from the business records of Defendant and those entities on whose behalf Defendant attempt to collect debts.

54. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from CLIENT SERVICES having mailed a written communication in the form of *Exhibit A* to such Class member.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation.

56. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

57. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

58. *Typicality.* STEWART's claims are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

59. *Adequacy.* STEWART will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, STEWART is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither STEWART nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), STEWART may, in addition to moving for

Page **9** of **12**
Case 1:20-cv-00652-WCG    Filed 04/24/20    Page 9 of 12    Document 1

class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

62. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

63. CLIENT SERVICES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

64. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

65. STEWART is a "consumer" as defined by 15 U.S.C. § 1692a(3).

66. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

67. The use and mailing of *Exhibit A* by STEWART in an attempt to collect the Debt violated the FDCPA. Such violation includes, but is not limited to:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (b) Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2);

   (c) Threatening to to take any action that cannot legally be taken or that is not intended to be taken in violation of § 1692e(5);

   (d) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and,

   (e) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f; and

Page **10** of **12**
Case 1:20-cv-00652-WCG   Filed 04/24/20   Page 10 of 12   Document 1

(f) Failing to provide a written notice containing the information required under 15 U.S.C. § 1692g(a)(1) either with the initial communication or within five days after the initial communication.

## VII. PRAYER FOR RELIEF

68. WHEREFORE, Plaintiff, SCOTT STEWART, individually and on behalf of all others similarly situated, demands judgment against Defendant, CLIENT SERVICES. Specifically, Plaintiff requests entry of an Order:

(a) Certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) Awarding statutory damages to STEWART and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) Awarding STEWART an incentive award for his services on behalf of the Class as determined in the discretion of the Court;

(d) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) Awarding actual damages to STEWART and the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to him and/or the Class; and

(f) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

69. Trial by jury is demanded on all issues so triable.

Dated: April 24, 2020

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar #2014155)
  *Attorneys for Plaintiff, Scott Stewart*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Katelyn@SternThomasson.com